Date signed March 19, 2013



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (at Baltimore)

| | | |
|---|---|---|
| In re: | * | |
| ANGELA MARIA MARTISE, | * | Case No. 12-24779-DER |
| Debtor. | * | Chapter 7 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

The United States Trustee's Motion to Disgorge Excessive Bankruptcy Petition Preparer Fee [Docket No. 16] (the "Motion") and the Opposition thereto filed by Rodney Shell, Sr. [Docket No. 24] came on for hearing before this court on December 6, 2012.[1]  In the Motion, the United States Trustee seeks a determination pursuant to 11 U.S.C. § 110(h)(3) that the $450.00

---

[1]  The motion was filed under 11 U.S.C. § 110(h)(3) by W. Clarkson McDow, Jr. as the United States Trustee for Region Four.  Mr. McDow retired on January 31, 2013, and Judy A. Robbins now serves as the Acting United States Trustee for Region Four.  United States Trustees are officials of the United States Department of Justice appointed by the Attorney General of the United States.  28 U.S.C. § 581(a).  The District of Maryland is a part of what is commonly known as "Region Four."  28 U.S.C. § 581(a)(4).  Each of the United States Trustees has extensive duties within their region including the appointment and supervision of trustees as well as monitoring and participating in the administration of bankruptcy cases.  28 U.S.C. § 586.  Under 11 U.S.C. § 307, a United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under [Title 11 of the United States Code]."  Moreover, a United States Trustee is specifically authorized by 11 U.S.C. § 110(h)(4) to file a motion under § 110(h)(3) such as the one now before the court.

fee paid in whole or in part to the bankruptcy petition preparer, Rodney Shell, Sr., as disclosed on the statement of financial affairs [Docket No. 1, Page 32] exceeds the value of the legitimate services provided by him to the debtor.

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2).  This order constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure).

The debtor, Angela Maria Martise, commenced this case by filing a petition in this court under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  The debtor represents herself in this case and her financial affairs are not complex.  Only minimal information needed to be supplied on her statement of financial affairs and her answer to the majority of the questions is "none."  The debtor's schedules show she owns no real estate, has minimal personal property valued at $1,277.00, owes no scheduled secured or priority debts, owes scheduled general unsecured debts of only $8,320.00, and filed a mailing matrix that lists the names and addresses of only eight creditors and parties in interest.  The Chapter 7 trustee conducted the meeting of creditors on September 20, 2012 (the first date set), and promptly thereafter filed a Report of No Distribution on September 21, 2012, indicating that the debtor owns no nonexempt property that should be liquidated by the Chapter 7 trustee for distribution to creditors.  No creditors filed an objection to discharge, and the debtor was granted a discharge on November 26, 2012 [Docket No. 28].  In short, this is a simple "no-asset" case that proceeded uneventfully to its natural conclusion.

The debtor's statement of financial affairs indicates at Question No. 9 that Bankruptcy Resolutions, LLC and Doc Prep, LLC were paid $450.00 for "consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy" [Docket No. 1, Page 32]. The disclosure of compensation of bankruptcy petition preparer [Docket No. 6], however, indicates Mr. Shell charged $300.00 for document preparation and "referral services," and that such $300.00 fee was paid not by the debtor, but by Bankruptcy Resolutions, LLC.

At the December 6, 2012 evidentiary hearing, Mr. Shell and Kim Williams were called by the United States Trustee to testify as witnesses. According to his testimony at the hearing, Mr. Shell (through Doc Prep, LLC, a company he owns with Ms. Williams) assisted the debtor in (i) the preparation of her petition, statement of financial affairs, schedules, and other related papers filed in this case, (ii) the unrelated preparation of a lease, and (iii) the resolution of a dispute with BG&E. The debtor's brother, David Payne, paid Mr. Shell a fee of $225.00 for the bankruptcy petition preparation and an additional $75.00 for the lease preparation and dispute resolution with BG&E. Mr. Shell is neither an attorney nor an employee of an attorney. As acknowledged by his signature on the debtor's bankruptcy petition, Mr. Shell is a bankruptcy petition preparer as defined by § 110 of the Bankruptcy Code.

According to the testimony of the witnesses, the additional $150.00 referred to in the debtor's statement of financial affairs – that is, the amount exceeding the $300.00 paid to Mr. Shell – actually was paid by the debtor's brother to Ms. Williams through Bankruptcy Resolutions, LLC. (a company owned by her). This additional $150.00 fee was not disclosed on any disclosure of compensation of bankruptcy petition preparer filed with the court. The debtor and her brother Mr. Payne were advised by Mr. Shell and Ms. Williams that the total amount due

for services provided to the debtor was $450.00. The division of the amount paid was determined by negotiation between Mr. Shell and Ms. Williams.

In her testimony, Ms. Williams stated that she has a master's degree in business administration. She also stated that she is a member of the National Association of Bankruptcy Petition Preparers. Nothing in the record indicates that Ms. Williams is an attorney or works under the supervision of an attorney. Ms. Williams testified that she provides education services to debtors who decide to represent themselves in bankruptcy cases. Those services include educating the debtors about (i) the various types of debt, (ii) the court's procedural expectations, (iii) the meeting of creditors conducted pursuant to § 341 of the Bankruptcy Code, (iv) the credit counseling and financial management course requirements of the Bankruptcy Code, (v) budgeting, (vi) the availability of pro bono legal services through the court's Debtor Assistance Program and other organizations, and (vii) the role of the Chapter 7 trustee in administration of their case. Although according to Ms. Williams these education services are optional, she stated that she works "closely" with Mr. Shell and that "100 percent" of his clients elect to receive the educational services she offers. In his testimony, Mr. Shell stated that he is a "subcontractor" of Bankruptcy Resolutions LLC and that "all leads [are] referred to me or outsourced to me."

The conduct and fees of bankruptcy petition preparers are governed by, among other things, § 110 of the Bankruptcy Code. Section 110 was not adopted by Congress as part of the Bankruptcy Reform Act of 1994 to establish quasi-professional status for petition preparers; rather, it was intended to address a nationwide problem of abusive practices by non-attorney bankruptcy petition preparers. As stated in Collier,

> "Section 110 was a congressional response to problems that had arisen in a variety of jurisdictions, mostly urban. The jurisdictions had seen a large number of nonattorneys who claimed they could prepare bankruptcy petitions without the necessity of retaining an attorney. The House

Judiciary Committee's Report on the 1994 Reform Act indicates that section 110 was intended to address a nationwide problem:

> 'Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.'"

Collier on Bankruptcy, ¶ 110.LH[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Moreover, Congress chose to further address bankruptcy petition preparer abuses in the amendments to § 110 in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 by imposing new limitations on petition preparer conduct, new debtor notification requirements, and new penalties and remedies for petition preparer misconduct.

Under § 110 of the Bankruptcy Code, this court must disallow and order the immediate turnover by a bankruptcy petition preparer of any fee that is "found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition." 11 U.S.C. § 110(h)(3). The "burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer." In re Springs, 358 B.R. 236, 242 (Bankr. M.D.N.C. 2006). See also, In re Hill, 450 B.R. 885, 892 (9th Cir. BAP 2011) ("once the reasonableness of the [p]etition [p]reparer's fee has been raised, the [p]etition [p]reparer bears the burden of proof to establish the reasonableness of the fee").

In Scott v. U.S. Trustee (In re Dozier), 412 F.3d 1056 (9th Cir. 2005), the Ninth Circuit stated that "when determining appropriate fees for a [bankruptcy petition preparer], 'the proper

reference point is what professional typists or word processors would charge.'" <u>Id</u>. at 1065 (quoting <u>In re Bush</u>, 275 B.R. 69, 85 (Bankr. D. Idaho 2002)).  The Ninth Circuit went on to observe that this is the case because a bankruptcy petition preparer "can perform 'only the modest service of transcribing or typing bankruptcy forms that the debtors alone must prepare without assistance' and 'other sorts of services are improper, and those services can perforce not be compensated.'" <u>Id</u>. (quoting <u>In re Bush</u>, 275 B.R. at 84).  In <u>Scott</u>, the Ninth Circuit agreed with the bankruptcy court's determination that $100.00 was a reasonable fee for preparation of documents by a bankruptcy petition preparer in a simple, straightforward consumer Chapter 7 case. <u>Id</u>

Likewise, this court recently agreed that the role of a bankruptcy petition preparer is that of a "scrivener," held that a bankruptcy petition preparer's fee is limited to the value of providing typing services, and found that a reasonable fee for bankruptcy petition preparation in a simple, straightforward consumer Chapter 7 case does not exceed $100.00.  See, <u>In re Frazier</u>, 2013 WL 654399; 2013 Bankr. LEXIS 652; Case No. 12-29668-DER, Memorandum of Decision, Docket No. 24 (Bankr. D. Md. Feb. 21, 2013); also available at http://www.mdb.uscourts.gov/view-opinions.

As discussed above, the evidence presented in this case demonstrates that the debtor's case is nothing other than a simple, straightforward consumer Chapter 7 case that proceeded uneventfully to its conclusion resulting in the debtor receiving her discharge three months after filing her petition.  I conclude that the reasonable value of the services of Mr. Shell and Doc Prep, LLC in a simple, straightforward consumer Chapter 7 bankruptcy case such as this one does not exceed $100.00.  In addition, I conclude that the $75.00 charged by Mr. Shell for

preparation of a lease and dispute resolution services were not related to preparation of the bankruptcy petition and are not subject to the review or approval of this court.

The evidence presented in this case also raises serious questions about the conduct of and fee charged by Ms. Williams.   Section 110 of the Bankruptcy Code explicitly states that bankruptcy petition preparers are parties who prepare, for compensation, a document for filing and "may not offer a potential bankruptcy debtor any legal advice" including "advising the debtor … concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or concerning bankruptcy procedures and rights."   11 U.S.C. § 110(e)(2). According to her testimony, Ms. Williams did not actually prepare any documents for filing, but provided educational services and advice regarding bankruptcy while acting "closely" with Mr. Shell.  It seems clear from the evidence that however theoretically separate their businesses may be, Ms. Williams and Mr. Shell act in concert to recruit, prepare bankruptcy petitions for, and advise debtors who are not represented by attorneys admitted to practice before this court. Indeed, it may be that Ms. Williams is the lead actor in that business relationship.  In any event, the evidence suggests that Ms. Williams might have, among other things, (i) acted in violation of § 110(e)(2)(B)(vi) and (vii) of the Bankruptcy Code, or (ii) engaged in the unauthorized practice of law under Maryland law.  If that is the case, there might be serious consequences for Ms. Williams.

Although the United States Trustee's Motion requests the court to review the reasonableness of the entire $450.00 fee charged in connection with this case (and thus the $150.00 paid to Ms. Williams), the court declines to do so at this time.  The Motion refers only to and was served only on Mr. Shell.  At the hearing, Ms. Williams indicated that she had not come to court expecting to be called as a witness or expecting the hearing to involve the

reasonableness of the fee paid to her.  Thus, the court finds that Ms. Williams was not on notice that her fees or services were a subject of the Motion and the evidentiary hearing, and that it would not be appropriate for the court to consider the United States Trustee's request for disgorgement and refund of the $150.00 fee paid to her unless and until an separate motion is filed by the United States Trustee and served on Ms. Williams.

For the above reasons, this court concludes that the United States Trustee's Motion to Disgorge Excessive Bankruptcy Petition Preparer Fee should be granted and will enter a separate order accordingly directing Mr. Shell and Doc Prep, LLC to disgorge and refund $125.00 to the debtor's brother, David Payne.  Entry of such order shall be without prejudice to the right of the United States Trustee to seek relief with respect to the conduct of and fee paid to Ms. Williams and Bankruptcy Resolutions, LLC.


cc:     Rodney Shell
        Doc Prep, LLC
        9818 Liberty Road, Suite 5C
        Randallstown, Maryland 21133

        Kim Williams
        Bankruptcy Resolutions, LLC
        9818 Liberty Road, Suite 3C
        Randallstown, Maryland 21133

        Judy A. Robbins, United States Trustee for Region Four
        Mark A. Neal, Assistant United States Trustee
        Katherine Levin, Esq.
        Debtor
        Chapter 7 Trustee


**\*\*END OF MEMORANDUM OPINION\*\***